## In re BAYMAN.
### No. 6619.

District Court, M. D. Pennsylvania.
May 16, 1930.

Edwin H. Sheporwich, of Wilkes Barre, Pa., for alleged bankrupt.

Robert J. Doran, of Wilkes Barre, Pa., for petitioning creditors.

JOHNSON, District Judge.

On January 31, 1930, an involuntary petition in bankruptcy was filed against Max Bayman, individually, and trading as Sun Supply House, in which it was alleged that Max Bayman, individually, and trading as Sun Supply House, committed certain acts of bankruptcy while insolvent, as follows:

"5. That the alleged bankrupt is insolvent and that while insolvent, and within four months preceding the date of this petition the said alleged bankrupt committed divers acts of bankruptcy in that he did

"(a) The alleged bankrupt within four months last past and while still insolvent concealed and transferred a large amount of his property, with the intent to hinder, delay and defraud his general creditors, in that he did in the months of December, 1929 and January, 1930, up to the date of the filing of the petition in this case, conduct a forced sale, that is to say, a sale in which the goods were advertised to be sold at greatly reduced prices for the purpose of converting his assets to cash as rapidly as possible, with the intent of concealing the proceeds of the said sale from his general creditors and not distribute the proceeds of the said sale to the creditors, but placing the same beyond the reach of his creditors.

"(b) The alleged bankrupt has, within four months last past, and while insolvent, transferred a large portion of his property to certain creditors, whose names are to your petitioner unknown, with the intent of preferring such creditors over his general creditors by making preferential payments."

Two copies of the petition were filed with the clerk of the court, one to be served on the alleged bankrupt, and the other to be kept in the files in the office of the clerk. The copy to be kept in the files of the clerk of the court is not signed by any creditor or by

their attorney, nor is the affidavit to the supporting facts of the petition signed by any person.

On February 14, 1930, Max Bayman, the alleged bankrupt, filed his motion to dismiss the said petition upon the following grounds:

"1. That it appears on the face of the said petition that the court is without jurisdiction to grant the relief prayed for in said petition.

"2. That said petition does not state sufficient facts to warrant the granting of the relief prayed for therein, in that

"(a) The petitioning creditors have not set forth in paragraph 5 of their petition sufficient facts relied upon to establish the alleged fraudulent transfer with such fullness as to apprise the alleged bankrupt of what he will be required to meet.

"(b) The petition does not describe the property alleged to have been transferred, the time of the alleged transfer, and to whom it was made.

"3. The affidavit to said petition is defective in that it is verified by the attorney for the petitioning creditors, and is not positive or based upon actual knowledge of the attorney."

 The second ground will be considered first: "That said petition does not state sufficient facts to warrant the granting of the relief prayed for therein."

The facts alleged in paragraph 5 are that in December, 1929, and January, 1930, and up to the date of the filing of the petition, the alleged bankrupt conducted a forced sale in which goods were advertised to be sold at greatly reduced prices for the purpose of converting his assets to cash as rapidly as possible, with the intent of concealing the proceeds of the said sale from his general creditors and not distribute the proceeds of the said sale to the creditors, but placing the same beyond the reach of his creditors. This allegation is not sufficient. It is intended to come within the first act of bankruptcy, defined under section 3, chapter 3, of the Bankruptcy Act (11 USCA § 21), in which it is provided: "Acts of bankruptcy by a person shall consist of his having (1)

conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them. * * * "

It is not charged that the bankrupt conveyed, transferred, concealed, or removed, or permitted to be removed, any part of his property with intent to hinder, delay, or defraud his creditors. It is alleged that he held a forced sale at greatly reduced prices for the purpose of converting his assets to cash with intent to conceal the proceeds of the sale.

To bring the allegation within the provisions of the law, it is necessary to allege that the person transferred, conveyed, concealed, or removed, or permitted to be removed, any part of his property, and not that he intended to do so. The bankruptcy law must be followed with reasonable strictness, and in order to sustain the petition in bankruptcy, the allegation of the bankrupt must comply with the requirements of the law and come within its provisions.

 Paragraph 5 (b) of the petition is too general and insufficient.

"A general averment in an involuntary petition in bankruptcy that the alleged bankrupt within four months preceding the date of the filing of the petition committed an act of bankruptcy, in that, while insolvent, he transferred a part of his property to creditors with intent to prefer them, and transferred and concealed large sums of money and valuable securities, with intent to defraud his creditors, and that the concealment was a continuous one, is too vague, and the petition is properly dismissed on demurrer." In re Sig H. Rosenblatt & Co. (C. C. A.) 193 F. 638.

The petition filed in the office of the clerk of the court is not signed by any creditor, nor is the affidavit signed by any person.

For the above-stated reasons, the motion to dismiss the petition in bankruptcy must be sustained.

And now, May 16, 1930, the motion to dismiss the petition in bankruptcy is sustained, and the petition in bankruptcy is dismissed at the cost of the plaintiff.